76071. FULTON-DeKALB COUNTY HOSPITAL AUTHORITY
v. ESTES.
(369 SE2d 262)

BIRDSONG, Chief Judge.

We granted an interlocutory appeal to the defendant in this slip and fall case, following a denial of summary judgment.

The plaintiff/appellee, Vivian Estes, is an elderly woman who fell in the employees' cafeteria at Grady Memorial Hospital, during a visit to her husband who was a patient. She contends the floor was wet and that is why she fell, and that her clothes were wet after her fall. Several employees in the cafeteria testified by affidavit and deposition

that there was no water on the floor.

The trial court held, in denying summary judgment to the defendant: "Two agents of the Defendant, Ms. Dianne Rice and Ms. Dorothy Hamm, deny that any water was involved in the Plaintiff's fall. *Ms. Rice claims that she was in the immediate vicinity of the Plaintiff's fall before, during, and after the fall, and that she was looking at the spot where the Plaintiff fell.* Ms. Rice also claims that she did not see any water on the floor before, during, or after the Plaintiff's fall. Ms. Dorothy Hamm claims that the floor where Plaintiff fell was dry. The Plaintiff, on the other hand, claims that she fell on water and that her clothes were wet after the fall. If the jury believes the Plaintiff's claim that there was water on the floor at the time of her fall, *the jury could also decide that the water was on the floor at least as long as Ms. Rice was in the vicinity, particularly given the fact that Ms. Rice did not see anyone drop water on the spot during the time when she was in the area.* Therefore, a jury issue is created concerning the Defendant's notice of the floor's condition." (Emphasis supplied.)

It appears from the record undisputed that neither the defendant hospital nor any of its agents or employees had any actual knowledge of any foreign substance or defective condition of the floor. Therefore the issue becomes whether defendant had constructive knowledge of the hazardous substance. This case is controlled by *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353). In that case, we clarified the rule, as to constructive knowledge or notice of a hazardous condition, that the plaintiff must show a failure to exercise reasonable care by showing a period of time that the dangerous condition was allowed to exist (see *Gold & White v. Long*, 159 Ga. App. 259, 260 (283 SE2d 45)) so that the defendant's employees or agents had " 'an opportunity to discover and remove the hazard.' " *Mitchell,* supra, p. 709.

The trial court held that if the jury accepts plaintiff's testimony that the floor was wet with water at the time of her fall, it might also determine that since defendant's employee Ms. Rice testified she was in the immediate vicinity of the fall before, during and after the fall, Ms. Rice had the opportunity to discover the water and remove the hazard. However, we find that the only evidence that Ms. Rice was in the vicinity of the fall *for any specific period of time* in which to discover the hazard, is her sworn testimony in affidavit that "[w]ithin approximately five seconds prior to Mrs. Estes' fall, I looked at the floor in the exact spot where she fell. . . ." There is no other testimony or evidence that Ms. Rice was in the vicinity of the fall for any particular period of time so as to have "an opportunity to discover and remove the hazard." Id. Therefore, assuming, as the plaintiff testified, that the floor was wet, there is yet no evidence how long it had been allowed to remain wet. As in *Mitchell,* for all the evidence shows

the floor might have become wet mere seconds before the plaintiff fell. As for Ms. Rice's testimony that she was in the vicinity and looked at the floor five seconds before plaintiff's fall, we find as a matter of law that five seconds is not a sufficient length of time in which to both discover *and remove* the hazard of water on the floor, so as to impute constructive superior knowledge and negligence to the defendant.

Moreover, in the plaintiff Estes' deposition testimony, the plaintiff herself twice testified there "wasn't a living soul" besides herself at the end of the counter where she fell; that there were no employees near, as they were all down around another counter; and that there was "nobody up there but me until a crowd gathered later [after I fell]." This testimony is not contradicted by plaintiff herself and if it is, such contradiction is not elsewhere reasonably explained. See *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27 (343 SE2d 680). This testimony is the only evidence (other than the five seconds testified to by Ms. Rice) concerning the presence of any agent of the defendant before the fall. No other such evidence is pointed out to us. Therefore, as to any issue whether there was any agent or employee in the immediate vicinity more than five seconds before the fall as testified to by defendant's employee, Ms. Rice, it is construed by the plaintiff's own testimony and established as a matter of law that there was not. Id. p. 30.

We conclude that even assuming the floor was wet as contended by the plaintiff, there is no genuine issue of material fact that the appellant/defendant had actual knowledge of a wet hazardous condition, and no issue of fact that the appellant had constructive knowledge or notice of a wet hazardous condition, because there is no evidence how long the floor had been allowed to remain in a wet condition; and there was no evidence an employee of defendant was in the immediate vicinity and had an opportunity to discover the hazardous condition, for five seconds was not long enough to both " 'discover and remove the hazard.' " *Mitchell*, supra, p. 709.

It is irrelevant to this analysis whether the plaintiff was an invitee to the employees' cafeteria, to whom was owed the duty of ordinary care (see OCGA § 51-3-1), or was a bare licensee, since no superior knowledge, i.e., negligence, of the defendant is in issue.

*Judgment reversed. Banke, P. J., and Beasley, J., concur.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED MAY 12, 1988.

*Bernard Taylor, Judson Graves*, for appellant.

*David A. Sleppy, Robert L. Herman,* for appellee.