## 77314. SAIN v. K-MART CORPORATION.
(380 SE2d 299)

CARLEY, Chief Judge.

Appellant-plaintiff slipped and fell after stepping on several empty plastic shopping bags which were lying on the floor of appellee-defendant's store. Appellant brought suit against appellee, seeking damages for the personal injuries that she sustained in her fall. Appellant appeals from the trial court's order granting summary judgment in favor of appellee.

" ' "The true ground of liability of the owner of property to an invitee who is injured thereon is the superior knowledge of the proprietor of the existence of a condition that may subject the invitee to an unreasonable risk of harm. . . ." [Cit.]' " *Miolen v. Edd Kirby Chevrolet,* 189 Ga. App. 282, 283 (375 SE2d 266) (1988). " 'Knowledge on the part of the proprietor that there is a foreign substance on the floor that could cause patrons to slip and fall may be either actual or constructive.' [Cit.]" *Shiver v. Singletary,* 186 Ga. App. 746, 747 (2) (368 SE2d 523) (1988). Under the undisputed evidence of record, appellee has negated its *actual* knowledge of the presence of the shopping bags on the floor. Therefore, the only issue that is presented for resolution is whether a genuine issue of material fact remains as to appellee's *constructive* knowledge. " 'Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. [Cit.] Liability based on constructive knowledge may also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under [this] approach requires proof of the length of time the dangerous condition was allowed to exist. [Cits.]' [Cit.]" (Emphasis omitted.) *Food Giant v. Cooke,* 186 Ga. App. 253, 254 (366 SE2d 781) (1988).

The evidence is uncontroverted that, not more than 10 to 15 minutes before appellant fell, one of appellee's employees made a visual inspection of the condition of the floor in accordance with her regular practice. At that time, the employee observed no visible foreign substances on the floor. "Where it appears a foreign object [has] 'not been present for more than 10 to 15 minutes, the allegations show no actionable negligence on the part of the proprietor in failing to discover it.' [Cit.]" *Mazur v. Food Giant,* 183 Ga. App. 453, 454 (1) (359 SE2d 178) (1987). Accordingly, the issue of appellee's constructive knowledge based upon its failure to exercise reasonable care in inspecting the premises has been eliminated.

The burden was also on appellee, as the movant for summary judgment, to show that no genuine issue of material fact remained as to whether its constructive knowledge could be inferable from the presence, in the immediate vicinity, of an employee who could easily have seen and removed the plastic bags prior to appellant's fall. See generally *Food Giant v. Cooke,* supra at 254 (1). The evidence shows that there were two employees in the immediate area of the fall. There is nothing in the testimony of the two employees themselves which would show that, from the perspective that each had of the scene, they could not easily have seen and removed the plastic bags. Construing the testimony of the two employees most strongly against appellee, they acknowledged that they did have a clear view of the

area during the entire 10 to 15 minute period prior to appellant's fall. Compare *Fulton-DeKalb County Hosp. Auth. v. Estes*, 187 Ga. App. 120 (369 SE2d 262) (1988) (evidence affirmatively showed that employee had only 5 seconds to observe and remove hazard); *Newman v. Ruby Tuesday, Inc.*, 184 Ga. App. 827 (363 SE2d 26) (1987) (evidence affirmatively showed that employee was only "a half-step" ahead of plaintiff); *Rush v. Food Giant*, 183 Ga. App. 388 (358 SE2d 919) (1987) (employee testified that her view of the area was obscured and her attention drawn away from area during the relevant time period). Appellee urges, however, that it is appellant's own testimony which shows that neither of its employees could easily have seen and removed the plastic bags prior to her fall. In her affidavit, appellant stated that she "was looking where [she] was going but did not see anything on the floor before [she] fell." According to appellee, since appellant herself had failed to see the plastic bags, it must follow that its two employees likewise could not easily have seen and removed the bags. However, simply because the plastic bags may have presented an optical illusion from appellant's perspective, it does not necessarily follow that neither of appellee's employees, each of whom had an entirely different perspective of the scene, could easily have seen and removed the plastic bags.

At trial, the burden will be on appellant to show that appellee's employees could easily have seen and removed the plastic bags prior to her fall. See *Mitchell v. Food Giant*, 176 Ga. App. 705 (337 SE2d 353) (1985). On summary judgment, however, it was appellee's burden to show that its employees did not have an opportunity to discover the plastic bags and remove them. Construing the evidence most strongly against appellee, it has shown only that the bags presented an optical illusion to appellant and that the bags lay on the floor for possibly as long as a 10-to-15-minute period, throughout which period it had employees in the area who had an unobstructed view of the floor where appellant fell. On this evidence, a genuine issue of material fact remains as to whether appellee's employees had an opportunity to discover and remove the plastic bags. The trial court erred in granting appellee's motion for summary judgment.

*Judgment reversed. Sognier, J., concurs. Deen, P. J., concurs in judgment only.*

DECIDED FEBRUARY 28, 1989 —
REHEARING DENIED MARCH 14, 1989 —

*Vernon L. Chambless*, for appellant.

*Alexander & Vann, William C. Sanders*, for appellee.