A89A1032. PARKER v. FOOD GIANT, INC.
(387 SE2d 615)

CARLEY, Chief Judge.

After she entered appellee-defendant's grocery store, appellant-plaintiff slipped and fell when she allegedly stepped on a purple grease crayon that was lying on the floor. Appellant brought suit against appellee, seeking to recover for the personal injuries that she sustained in her fall. After answering and denying the material allegations of the complaint, appellee moved for summary judgment. The trial court granted the motion, concluding that appellant had "not made a sufficient showing that [appellee] had superior knowledge, either actual or constructive[,] of the purple crayon on the floor of the store prior to [her] fall." Appellant appeals from the grant of summary judgment in favor of appellee.

1. Because the purple grease crayon is of the type that is used to mark items in grocery stores, appellant urges that appellee should be "presumed to have knowledge of its existence. [Cit.]" *Alterman Foods v. Ligon*, 246 Ga. 620, 624 (272 SE2d 327) (1980). However, such a presumption of superior knowledge applies only where wax, oil or some other finish has been intentionally placed on the floor by the owner, not where the alleged cause of a fall is an entirely foreign substance, such as a purple grease crayon. See *Alterman Foods v. Ligon*, supra.

Accordingly,. if appellant is to recover, appellee must be shown to have had either actual or constructive superior knowledge of the presence of the crayon on its floor. At trial, the burden would be on appellant to produce evidence of such superior knowledge on the part of appellee. On appellee's motion for summary judgment, however, there would be no such evidentiary burden on appellant unless and until appellee had met its initial burden of showing its *lack* of superior knowledge. " 'The movant has [the] burden even as to issues upon which the opposing party would have the trial burden . . . .' [Cits.]" (Emphasis omitted.) *Shiver v. Singletary*, 186 Ga. App. 746, 748 (2) (368 SE2d 523) (1988). As the movant for summary judgment, appellee cannot rely upon the mere assertion that its superior knowledge cannot be shown by appellant at trial. See *Hamner v. Emory Univ.*, 190 Ga. App. 788 (380 SE2d 83) (1989); *Ware County v. Medlock*, 192 Ga. App. 542 (385 SE2d 429) (1989).

Construing the evidence most favorably for appellant, appellee negated any allegation of its actual superior knowledge of the presence of the crayon on its floor. The burden thus was shifted to appel-

lant to show that a genuine issue of material fact remained in that regard. She did not meet this burden. Accordingly, the issue presented for resolution is whether appellee also met its initial burden of negating its *constructive* superior knowledge and, if so, whether appellant then met her burden of showing that a genuine issue of material fact remained in this regard.

2. " 'Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. [Cit.] Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises . . . . (Cits.)' [Cit.] Thus, the burden would be upon [appellee], as the movant for summary judgment, to show that, as to its lack of constructive knowledge under *either* theory, no genuine issue remained." (Emphasis in original.) *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (1) (366 SE2d 781) (1988).

Construing the evidence of record most favorably for appellant, there is considerable doubt whether appellee met its burden of showing that none of its employees who were in the immediate vicinity could easily have seen and removed the crayon prior to appellant's fall. It would appear that "[t]here is nothing in the testimony of the . . . employees themselves which would show that, from the perspective that each had of the scene, they could not easily have seen and removed the [crayon] . . . . Compare *Fulton-DeKalb County Hosp. Auth. v. Estes*, 187 Ga. App. 120 (369 SE2d 262) (1988) (evidence affirmatively showed that employee had only 5 seconds to observe and remove hazzard); . . . *Rush v. Food Giant*, 183 Ga. App. 388 (358 SE2d 919) (1987) (employee testified that her view of the area was obscured and her attention drawn away from area during the relevant time period)." *Sain v. K-Mart Corp.*, 190 Ga. App. 751, 752-753 (380 SE2d 299) (1989).

However, even assuming that appellee did meet its initial burden of negating its constructive superior knowledge under this theory and that appellant did not meet her burden of producing evidence to the contrary, it is clear that appellee did not meet its burden of proof as to the *alternative* theory of its superior constructive knowledge. Appellee "offered no evidence as to what inspection procedures, if any, were in effect during the time in question and no evidence as to whether there had been adherence to those procedures. Accordingly, the evidence did not eliminate [appellant's] possible recovery under the theory that, as the result of a failure to exercise reasonable care in inspecting the premises, [appellee] had actionable constructive knowledge of the presence of the foreign substance. [Cit.] Because [appellee] did not meets [its] evidentiary burden as to this theory, the burden did not shift to [appellant] to show the length of time that the

[crayon] had been allowed to remain on the floor. Compare . . . *Mayfield v. All American &c. Foods*, 182 Ga. App. 711 (356 SE2d 745) (1987) (wherein defendant showed that floor had been swept shortly before plaintiff fell and plaintiff did not offer evidence as to how long the foreign substance had been allowed to remain on floor.)" *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (2) (366 SE2d 785) (1988).

Contrary to appellee's assertions on appeal, it cannot rely upon appellant's lack of evidence as to this alternative theory of its superior constructive knowledge as authorizing the grant of its motion for summary judgment. Appellant's complaint did not allege that she was *not* relying upon this alternative method of showing appellee's constructive knowledge. See *Baldwin County Hosp. Auth. v. Coney*, 188 Ga. App. 339 (1) (373 SE2d 252) (1988). Accordingly, the initial burden was on appellee to produce evidence showing that this theory was not viable and appellant's failure to produce evidence as to the viability of this manner of proving appellee's superior constructive knowledge will not authorize the trial court's grant of summary judgment in favor of appellee. See generally *Hamner v. Emory Univ.*, supra. Appellee's "evidence did not negate the possibility that, under the existing circumstances, its failure to have discovered the presence of the [crayon] was the result of its failure to exercise reasonable care in inspecting its premises. [Cit.] Compare *Kenny v. M & M Supermarket*, 183 Ga. App. 225 (358 SE2d 641) (1987) (summary judgment proper where there is nothing to rebut defendant's direct evidence that, 5 minutes prior to fall, the grocery store aisle had been inspected and no foreign substances were found); *Mazur v. Food Giant*, 183 Ga. App. 453 (359 SE2d 178) (1987) (summary judgment proper where there are no existing circumstances inconsistent with direct evidence that, 10 to 15 minutes prior to fall, the floor in front of frozen food display had been inspected and no foreign substances were found.) Since [appellee] did not meet its initial evidentiary burden as the movant for summary judgment, the burden never shifted to [appellant] to produce evidence as to how long the [crayon] may have been on the floor. It follows that, as to the issue of [appellee's] constructive knowledge of the [crayon], the trial court did . . . err in [granting] summary judgment." *Food Giant v. Cooke*, supra at 256 (1).

*Judgment reversed. McMurray, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 31, 1989.

*Kyle Yancey*, for appellant.

*Nicholas C. Moraitakis*, for appellee.