A92A1389. JACKSON v. WAL-MART STORES, INC. et al.
(424 SE2d 845)

SOGNIER, Chief Judge.

Beulah Jackson brought suit against Wal-Mart Stores, Inc. and Orkin Exterminating Company, Inc. seeking damages for injuries incurred when she allegedly slipped and fell on a pool of pesticide applied by Orkin at a Wal-Mart store in Vidalia. The trial court granted defendants' motions for summary judgment, and Jackson appeals.

1. Appellant contends the trial court erred by granting summary judgment in favor of appellee Orkin. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c). A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards. All of the other disputes of fact are rendered immaterial. [Cit.] A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and

other documents in the record that there is an absence of evidence to support the nonmoving party's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

The evidence in the record consists of depositions by Ray Taylor, the Orkin employee who sprayed pesticide at the Vidalia Wal-Mart store on the date in issue; Valinda Green Dixon, the Wal-Mart employee staffing the cafeteria where appellant fell; appellant; and appellant's husband.

Appellant testified that as she entered the cafeteria around noon, she slipped and fell on something she could not see. She deposed that she did not know how long the slippery spot had been present on the floor and did not discover any stains or foreign residue on her clothing or shoes after the fall. Her husband deposed that after appellant fell and he had assisted her to a cafeteria booth, he looked back to the area of her fall and noticed there was a clear spot that appeared "real shiny" but that in order to see the spot "[y]ou really had to look for it. It wasn't visible."

Taylor deposed that he began spraying pesticide around 8:30 a.m. and completed the entire store in approximately an hour; that while he did spray pesticide in the cafeteria area, he did not spray the floor of the cafeteria where customers walked but instead sprayed only behind the counter where the food is processed; that the pesticide he used was applied so lightly it would not have formed a puddle; and that because the pesticide was water-based, not oil-based, it would not have left behind any slickness or stickiness and would have dried within an hour after its application. Wal-Mart's employee, Dixon, deposed that she had seen the Orkin employee spraying pesticide shortly after 8:00 a.m. and confirmed that he did not spray in front of the counter. Although Dixon stated that after appellant's fall she found a large slick spot on the aisle floor and in her deposition attributed the slickness to Orkin's pesticide, she also deposed that she did not know the slickness was caused by the pesticide but instead explained she had surmised it was the pesticide because the Orkin employee was "the only one that was there" and that "anything that I would have spilt or a customer would have spilt would have shown. [The spot] was very invisible."

We find no error in the trial court's grant of summary judgment in favor of Orkin. "In order for a tort action in negligence to lie, there must be injury to the plaintiff resulting from the defendant's negligence. [Cits.]" *Church v. SMS Enterprises*, 186 Ga. App. 791, 793 (368 SE2d 554) (1988). Pretermitting the question whether Orkin can be liable to appellant for work accepted by its employer, Wal-Mart,

see generally *Pennington v. Cecil N. Brown Co.*, 187 Ga. App. 621, 622 (371 SE2d 106) (1988), and on premises totally under the dominion and control of its employer, see generally *Church*, supra at 794, we agree with Orkin that in light of its burden as set forth in *Lau's Corp.*, supra, summary judgment in its favor was proper based on a total absence of any evidence indicating that the pesticide sprayed in the cafeteria by Orkin's employee was the source of the slickness on the floor that caused appellant's fall. Rather, the evidence is uncontroverted that the pesticide was not sprayed in the area where appellant slipped and that even had the pesticide spread by unknown means to that area, as Dixon opined, there is no evidence to rebut Taylor's testimony that the pesticide residue would have been neither slick nor slippery.

Given that the record is devoid of any evidence that Orkin's pesticide was a cause in fact of appellant's fall, we do not agree with appellant that questions of fact exist for jury determination regarding Orkin's alleged negligent breach of its duty to conduct an inspection of the area treated by its employee. Assuming, arguendo, that Orkin was under such a duty, "[b]efore any negligence, even if proven, can be actionable, that negligence must be the proximate cause of the injuries sued upon." (Citations and punctuation omitted.) *Sapp v. Effingham County Bd. of Ed.*, 200 Ga. App. 695, 696 (1) (409 SE2d 89) (1991). Accordingly, the trial court properly granted summary judgment to Orkin. See generally *Boyd v. Garden Center*, 197 Ga. App. 198, 200-201 (3) (397 SE2d 626) (1990) (summary judgment to defendant proper in slip and fall case where plaintiff offered no probative evidence of a causal connection between her injuries and unsafe condition created by defendant).

2. As to appellee Wal-Mart, the evidence established that cafeteria patrons walk down an aisle with a counter on the left, where food displays and the cash register are located, and booths on the right. On the morning in issue, Dixon was the only Wal-Mart employee working in the cafeteria. Although the evidence is unclear precisely where in the aisle appellant allegedly fell, it appeared to have occurred near the entry area adjacent to a freezer but not in the vicinity of the drink dispenser or other consumables. Dixon deposed that after appellant informed her of the alleged fall, she found a slippery spot in the aisle where she understood from appellant the fall had occurred. She deposed that the slickness covered a one to two foot spot; that it was invisible; that she could feel it with her foot; and that when she realized it was slick, she contacted the store manager and together they scrubbed the floor until it was clean. She stated that none of the five to ten customers who had visited the cafeteria before appellant had reported any slippery areas in the aisle.

Dixon deposed that the floors are cleaned and mopped at night

and that according to Wal-Mart policy or procedure, cafeteria employees "continuously watch for spills all through the day all over the snack bar." However, according to Dixon, the aisle area where appellant allegedly fell was not visible to Dixon from her position behind the counter. She deposed that she did not leave her position behind the counter between 8:00 a.m. and 9:30 a.m. and that she had to come out from behind the counter to check the aisle after appellant's fall. Dixon also deposed that no other Wal-Mart employee could have seen the aisle floor from their positions.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant [s]he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

The evidence is uncontroverted that Wal-Mart had no actual knowledge of the slick spot in the aisle of the cafeteria. " 'Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity . . . and could easily have noticed and removed the hazard. (Cit.) Liability based on constructive knowledge may also be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. (Cits.)' (Emphasis [deleted].) [Cit.]" *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (366 SE2d 781) (1988). See also *Wiley v. Winn Dixie Stores*, 204 Ga. App. 570, 571 (420 SE2d 20) (1992). The burden was upon Wal-Mart as movant for summary judgment to establish no genuine issue remained as to its lack of constructive knowledge under both these theories either by adducing evidence, *Food Giant*, supra, or by pointing out by reference to the record that there is an absence of evidence to support the case of appellant, the nonmoving party. *Lau's Corp.*, supra.

Although Wal-Mart's employee, Dixon, was in the immediate vicinity of the fall, her unrebutted deposition testimony that from her work station she could not see that part of the floor where the slick spot was located constituted evidence effectively negating the possibility of constructive knowledge based upon the presence of an employee in the immediate area of the dangerous condition. *Food Giant*, supra. As to constructive knowledge based upon a failure by Wal-Mart to exercise reasonable care in inspecting the premises, the evidence of record consists of Dixon's statement that she was the only employee who had worked in the area from 8:00 a.m. to the time of the fall and that her job duties included checking continuously for

spills. However, the record positively establishes that there was no inspection of the floor between 8:00 a.m. and 9:30 a.m. Given this evidence and Dixon's testimony regarding her behind-the-counter duties and the absence of any other employees in the cafeteria the entire morning in issue, the fact that the aisle area where the fall occurred could not be seen by someone behind the counter and thus could not have been inspected, and the absence of any statement by Dixon that she adhered to Wal-Mart policy on the day in issue by inspecting all areas of the cafeteria, a question of fact exists whether Wal-Mart's inspection for spills encompassed the area of the alleged dangerous condition. See *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (366 SE2d 785) (1988).

Although a proprietor is under no duty to patrol the premises continuously in the absence of facts showing that the premises are unusually dangerous, *Brooks v. Kroger Co.*, 194 Ga. App. 215 (1) (390 SE2d 280) (1990), the reasonable conclusion to be drawn by the evidence in the case sub judice is that no inspection at all had been made on the day in question of that section of the cafeteria aisle where the alleged dangerous condition existed. "Accordingly, the evidence did not eliminate [appellant's] possible recovery under the theory that, as the result of a failure to exercise reasonable care in inspecting the premises, [Wal-Mart] had actionable constructive knowledge of the presence of the foreign substance. [Cit.]" *Winn-Dixie of Greenville v. Ramey*, supra at 259. In the absence of evidence that Wal-Mart conducted a reasonable inspection of the premises that would have discovered the foreign substance that caused the slickness on the floor, appellant was not required to present evidence establishing the length of time that the substance had been allowed to remain on the floor. Id.; see also *Boss v. Food Giant, Inc.*, 193 Ga. App. 434, 436 (388 SE2d 37) (1989). Therefore, we hold that the trial court erred by granting Wal-Mart's motion for summary judgment.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 4, 1992.

*Hallman & Associates, D. Jay Stewart*, for appellant.
*Brannen, Searcy & Smith, David R. Smith, Karsman, Brooks & Callaway, Timothy J. Haeussler*, for appellees.