A93A0029. THOMPSON v. REGENCY MALL ASSOCIATES et al.
(432 SE2d 230)

BLACKBURN, Judge.

This appeal arises from the filing of motions for summary judgment by defendants, Regency Mall Associates and J. B. White & Company,[1] and the apparent grant of same *to all defendants* by the trial court in a negligence action brought by plaintiff for injuries she sustained when she tripped and fell in Regency Mall at the entrance to the J. B. White & Company store. Plaintiff testified at her deposition and by way of affidavit that her toe got caught in a loose, warped portion of the molding which held the carpet in place at the entrance way to J. B. White's from the common mall area. The record also indicates that the heavy rubber molding was cracked along the raised portion which was some evidence of the age of the condition. The common mall area is covered with maroon carpet and the molding strip is a darker shade of maroon. Although plaintiff testified that she had entered the store on prior occasions, it is undisputed that the entrance way is eighteen to twenty feet wide and that the defective portion of the molding was three to four inches wide and there was no evidence that plaintiff had previously traversed the defective area.

Defendant J. B. White & Company presented the affidavit of

---

[1] The underlying case contains three defendants: Regency Mall Associates, the owner of the common mall area; J. B. White & Company, the apparent lessee of the J. B. White location in Regency Mall; and Mercantile Properties, Inc., the owner of the J. B. White location at Regency Mall.

Mike Manos, operation manager for J. B. White, who testified that the company had no knowledge of any defect at the entrance to its leased premises. Defendant Regency Mall presented the affidavit of Todd Maurin, maintenance manager for Regency Mall, who testified that prior to plaintiff's injury, Regency Mall had no knowledge of any defect at the entrance to the J. B. White & Company store. Neither defendant presented any evidence showing they had met their duty to inspect their subject premises and to make it safe for their customers. There was no evidence regarding customary inspection procedures, nor did they present evidence regarding actual inspections of the area in question.

1. The occupier of a premises is charged with the duty of keeping the approaches and premises safe for its customers, who are invitees. OCGA § 51-3-1. An invitee is entitled to rely on the possessor of the premises to exercise reasonable care to make the land safe for her entry. *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293 (322 SE2d 737) (1984). It is also true that an invitee must exercise ordinary care for her safety. *McGrew v. S. S. Kresge Co.*, 140 Ga. App. 149, 151 (230 SE2d 119) (1976). However, "[l]ooking continuously for defects, without interruption, is not required of an invitee. [Cit.]" *Begin*, supra at 294.

Defendants argue that the alleged defect was in plain view and that the plaintiff could have avoided her injury if she had been exercising reasonable care for her safety, but do not address why the defect would not have been obvious to them had they met their duty to inspect and maintain a safe premise prior to the plaintiff's fall. Defendants support their argument with the testimony of plaintiff's sister, who testified in her deposition that she saw the defect after plaintiff's fall and that she could see it from a standing position. The fact that one who is inspecting a post-fall scene can observe a hazardous defect from a standing position is not dispositive of whether or not the injured party was exercising ordinary care for her own safety *prior to the fall*, with the attendant circumstances and a jury question exists as to such issue.

It is clear that the possessor's duty of inspecting its premises demands a higher awareness of defects than is imposed on a casual invitee who has no such duty. Additionally, evidence was presented that a temporary watch display was set up approximately four feet inside the entrance to J. B. White's. The record contained testimony that several people were standing around the display. Plaintiff testified by way of affidavit that she was distracted by this display when entering the store. "Where a proprietor owes a duty to its invitees to keep the premises in a safe condition for their passage, the setting up of a distraction, by a sign or conduct, which will so divert the customer's attention as to be the proximate cause of his injury . . . may constitute

actionable negligence on the part of the defendant." (Citations and punctuation omitted.) *Alterman Foods v. Ligon*, 246 Ga. 620, 623 (272 SE2d 327) (1980).

In their motions for summary judgment, defendants dispute plaintiff's use of the distraction theory; however, it is well-settled law that except in cases where only one conclusion is permissible, issues such as these should be decided by a jury. *Ellington v. Tolar Constr. Co.*, 237 Ga. 235, 236 (227 SE2d 336) (1976); *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 156 (256 SE2d 916) (1979); *Tanner v. Ayer*, 150 Ga. App. 709, 710 (258 SE2d 545) (1979). This court cannot say as a matter of law that plaintiff failed to exercise ordinary care for her safety.

Whether defendants are entitled to summary judgment depends upon whether defendants presented sufficient evidence to show they had neither actual nor superior constructive knowledge of the alleged hazard. *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991). "The evidence of record would appear to be sufficient to show that [defendants] lacked *actual* knowledge of the [defect] prior to [plaintiff's] fall. Thus, the ultimate issue to be resolved is whether that evidence would also be sufficient to show that [defendants] had no *constructive* knowledge of the [defect]." *Food Giant v. Cooke*, 186 Ga. App. 253, 254 (366 SE2d 781) (1988).

" 'Constructive knowledge may be inferred where there is evidence that an employee of the owner was in the immediate vicinity of the dangerous condition and could easily have noticed and removed the hazard. (Cit.) Liability based on constructive knowledge may *also* be established by showing that the owner failed to exercise reasonable care in inspecting the premises, but recovery under that approach requires proof of the length of time the dangerous condition was allowed to exist. (Cits.)' (Emphasis supplied.) [Cit.]" *Food Giant v. Cooke*, 186 Ga. App. at 254.

Plaintiff contends that defendants failed to inspect the premises to discover the alleged defective condition prior to her fall. This theory is "premised upon defendant[s'] failure to exercise reasonable care in inspecting and keeping the premises in a safe condition. The issue thus becomes whether the affidavit[s] executed by defendant[s] [negate] recovery of that theory." (Citations and punctuation omitted.) *Flood v. Camp Oil*, 201 Ga. App. at 453.

The affidavits presented on behalf of the defendants in the case before us, do not allege any practice to inspect the premises at all, let alone to inspect on a routine basis that would allow for the discovery of defective conditions. Furthermore, a jury could find that the deteriorated condition of the heavy rubber molding indicated that the defect had existed for a period of time sufficient to be discovered and repaired. A genuine issue of material fact also exists as to which de-

fendant, according to the terms of the lease, bore the burden of maintaining the strip upon which plaintiff fell.

"The burden was, of course, on defendant[s] as movant[s] on motion for summary judgment to negate this theory of liability by presenting evidence that it had in fact exercised reasonable care in inspecting the premises. Inasmuch as the evidence submitted by defendant[s] on this issue failed to establish that any inspection at all had been made on the day in question, we must conclude that this burden of proof was not met. Thus, the burden never shifted to plaintiff to produce evidence that the [defective condition] had been present . . . for a period of time sufficient to have been discovered by a reasonable inspection procedure. Although the burden would be on plaintiff to present such evidence at trial in order to establish a prima facie case based on the constructive knowledge theory, on a motion for summary judgment, the burden of establishing the nonexistence of any genuine issue of fact is upon the moving party . . . even as to issues upon which the opposing party would have the trial burden. . . . Therefore, we hold that the trial court erred in granting defendant[s'] motion[s] for summary judgment." (Citations and punctuation omitted.) Id.

2. Plaintiff further asserts that the trial court erred in granting summary judgment to defendant Mercantile Properties in the absence of a motion for summary judgment on their behalf. Such an action by the trial court would not necessarily be erroneous, if summary judgment was otherwise proper. See *Cruce v. Randall*, 152 Ga. App. 183 (262 SE2d 488) (1979) aff'd 245 Ga. 669 (266 SE2d 486) (1980). However, for the reasons outlined above, the grant of summary judgment must be reversed and the case remanded to the trial court for further proceedings as to all defendants.

3. Plaintiff's remaining enumerations of error are moot as they relate to procedural issues surrounding the grant of defendants' motions for summary judgment.

*Judgment reversed and remanded. Johnson and Smith, JJ., concur.*

DECIDED MAY 25, 1993 —
RECONSIDERATION DENIED JUNE 10, 1993.

*Hunter & Hunter, Hugh T. Hunter*, for appellant.
*Glover & Blount, Percy J. Blount, Fulcher, Hagler, Reed, Hanks & Harper, James W. Purcell, Mark C. Wilby*, for appellees.