A94A0046. KROGER COMPANY, INC. v. BAILEY et al.
(442 SE2d 480)

ANDREWS, Judge.

We granted Kroger Company's application for interlocutory appeal after the denial of its motion for summary judgment. The pertinent facts are as follows.

On October 22, 1991, plaintiff/appellee James Bailey was struck in the vestibule of a Kroger store by the grocery cart of another shopper, Jan Hickok. The incident occurred while Bailey was reading a bulletin board which hung in the vestibule of the Kroger.

Bailey and his wife sued both the shopper, Jan Hickok, and Kroger. As to Kroger, the Baileys contended that the placement of the bulletin board constituted a danger to individuals looking at it in that their attention was diverted from shoppers with grocery carts who were exiting the store. The Baileys contended that Kroger knew or should have known of this dangerous condition. With respect to Ms. Hickok, the Baileys claimed that she negligently exited the store. They alleged that both defendants were jointly and severally liable.

The vestibule in the store has two sets of double doors with a foyer area between each set of doors. A person exiting the store is required to turn left after passing through the initial set of doors before reaching the second set of doors leading to the parking lot. The bulletin board is located on the wall several feet to the right after passing through the first exit, but before reaching the exit to the outside.

At his deposition, Bailey testified that there was ample room for people to pass behind him as he read the bulletin board. He stated that people passed behind him "all the time" as he stood at the board reading the ads. He stated that he had shopped at that Kroger store for 12 years, that he had noticed no alteration of the vestibule and that the bulletin board had always been in the same location. He stated that he had read the bulletin board on a previous visit. The Kroger manager at the time, Mark Gray, testified that there had been no incidents of this nature previously.

Here, in three enumerations of error Kroger contends that the trial court erred in denying its motion for partial summary judgment. It contends that there is no evidence that the placement of the bulletin board in the vestibule of the store constituted a hazardous condition, that assuming the bulletin board constituted a defective condition that Bailey was aware of such condition, and that the incident

was not foreseeable.

The Baileys argue that Kroger was negligent in that there were no "definable paths of ingress and egress" to divert shoppers from the bulletin board area, nor were there warnings of the alleged danger. The Baileys rely on Ms. Hickok's deposition testimony in which she stated that part of the bulletin board may be covered by the door when it opens.

Even assuming that the placement of the bulletin board constituted a "hazard," we find that, as a matter of law, Kroger was not liable in this case. "The law is clear that the basis for an owner's liability for injury occurring to another while on the owner's property is the owner's superior knowledge of the danger or defect which was the proximate cause of the injury. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. Thus, the basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard, there is no duty on the part of the proprietor to warn the invitee and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does." (Citations, punctuation and emphasis omitted.) *Garnett v. Mathison*, 179 Ga. App. 242, 243 (2) (345 SE2d 919) (1986); see generally *Souder v. Atlanta Family Restaurants*, 210 Ga. App. 291 (435 SE2d 764) (1993); *Piedmont Hosp. v. Hall*, 198 Ga. App. 138 (401 SE2d 51) (1990); *Papp Clinic v. Cash*, 186 Ga. App. 444 (367 SE2d 271) (1988); *Tanner v. Ayer*, 150 Ga. App. 709 (258 SE2d 545) (1979).

In the instant case, Bailey had been shopping at the Kroger store for 12 years and had previously observed the bulletin board. There was no evidence that any previous incidents of this nature had occurred, or that Kroger was aware of any danger from the bulletin board placement. Under these circumstances, it is clear that Bailey's knowledge of the alleged "defective condition" and potential danger thereof was equal to Kroger's. Therefore the trial court erred in denying Kroger's motion for summary judgment.

The Baileys' claim that the distraction theory applied to this incident is erroneous. See *Kres v. Winn-Dixie Stores*, 183 Ga. App. 854 (360 SE2d 415) (1987).

*Judgment reversed. Beasley, P. J., and Johnson, J., concur.*

DECIDED MARCH 25, 1994.

*Webb, Carlock, Copeland, Semler & Stair, Douglas A. Wilde, Todd M. Yates*, for appellant.

*Fain, Major & Wiley, Christopher E. Penna, Lavigno & Schueter, William W. Lavigno III, Richard R. Schueter*, for appellees.