32782. FIELDS *v.* YELLOW CAB COMPANY OF ATLANTA.

GARDNER, J. (a) Yellow Cab Company of Atlanta sued A. E. Fields for damages resulting to one of the plaintiff's cabs in a collision with a truck which was being operated at the time by the defendant. The collision occurred at the intersection of Cain Street, which runs east and west, and Hilliard Street, which runs north and south. At the point of the collision Cain Street is a one-way street from west to east, and Hilliard Street at that point is a stop street. At the time of the collision the cab was proceeding from west to east on Cain Street, and the truck was being operated on Hilliard Street from south to north. There were, on either side of Cain Street and on Hilliard Street, official stop signs. The collision occurred in Cain Street. The petition alleged that the defendant, in violation of the ordinances of the City of Atlanta, disregarded the stop signs, and in violation of the ordinances of the City of Atlanta operated his truck, without stopping, into Cain Street, and thereby caused the collision. The evidence of the plaintiff substantiated the petition, and the jury returned a verdict for the plaintiff. The defendant in his answer denied the allegations of negligence of the plaintiff, and further answered that he did not disregard the stop signs, but on the contrary the operator of the cab violated the speed limit and thus the negligence of the cab driver was the sole proximate

cause of the collision. The defendant in his answer in the nature of a cross-bill asked for damages against the cab company. The defendant in his own behalf testified in substantiation of his defense. Thus, under the pleadings and the evidence, the matter of whose negligence and what negligence was the proximate cause of the collision became a jury question. The jury resolved the issues in favor of the plaintiff. The evidence is ample to sustain the verdict on the general grounds.

(b) There is one special ground. The evidence developed that there were six persons in the cab, one or two of whom were thought to be children. None of those occupying the cab were subpoenaed or used as witnesses except the driver of the cab. The defendant duly requested the court to instruct the jury: "I charge you that where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is well founded; but this presumption may be rebutted." The court refused to give this charge as requested. Did it err in refusing to give this charge? This request was founded on Code § 38-119. With reference to this section, the Supreme Court in the case of *Savannah, Fla. & W. R. Co.* v. *Gray*, 77 *Ga.* 440, 443 (3 S. E. 158), said: "Ordinarily, and except in specified cases, one credible witness would be deemed sufficient to establish a fact. Code, §§ 3754-5. Generally it would seem that all persons having knowledge of the transaction need not be produced to overcome such a presumption, and that an inference, unfavorable to the party repelling the presumption, would not be warranted because he failed to produce on the trial all persons who were cognizant of the facts from which the presumption to be rebutted arose. It seems to be well settled, in judging of the comparative weight of evidence, that where a party has evidence in his power and within his reach by which he may repel a claim or charge against him, and omits to produce it, this supplies a presumption of fact that the charge or claim is well-founded. This presumption attaches with more force in cases where a party, having more certain and satisfactory evidence in his power, relies upon that which is of a weaker and more inferior nature. Starkie's Evidence, 846. In the case at bar, the railroad company did not rely, as we understand, upon weaker or more inferior evidence than that which was produced, or withhold any evidence of a superior character and weight from the consideration of the jury. The objection here urged seems to be as to the deficient quantity rather than the quality of the testimony. That all the evidence which would have repelled the presumption raised by the casualty against the railroad, was not produced, would, upon principle, scarcely seem to warrant a presumption that the company purposely withheld from the jury evidence which would have effectually overthrown the presumption against it. The principle relied on in this case is at most an exception to the general rule, and it should be resorted to only in cases where the facts are similar to those in which it has been recognized and enforced." Also see, in this connection *Penn Mutual Life Ins. Co.* v. *Childs*, 65 *Ga. App.* 468 (8) (16 S. E. 2d, 103).

The plaintiff introduced three witnesses, one police officer who made the investigation and who testified with reference to what he found upon arrival at the scene of the collision shortly thereafter, concerning the stop signs on Hilliard Street, and signs of skidding tires on Cain Street, and other details concerning the collision. Another witness, Dr. M. D. Copeloff, testified that he was driving in an automobile two or three car lengths behind the cab, and further that the defendant in disregard of the stop sign, drove out into Cain Street without stopping. Another witness, the driver of the cab, also testified that the defendant drove his truck into Cain Street without stopping. It does not appear from the record that the cab company knew the names or the whereabouts of the passengers in the taxicab at the time of the collision. It does not appear that the passengers had any better opportunity to know and testify as to what happened at the time of the collision than did the policeman or Dr. Copeloff or the taxicab driver. It does appear that the defendant was there and the witnesses were as accessible to him as to the plaintiff. We know of no law that would require a taxicab company to take the names of or the addresses of its passengers in a collision like this. It would be the duty of the defendant to do this as much as the plaintiff. It does not appear that any of the passengers had any better opportunity for knowing what happened than the witnesses introduced by the plaintiff, as stated above. There is nothing to show that the passengers were within the power and control of the plaintiff any more than within the power and control of the defendant. The record does not reveal that the plaintiff had more certain and satisfactory evidence in its power to sustain its contention and yet relied on that of a weaker and inferior nature. It never was the intention of the provisions of the statute to require that all witnesses to a scene of a collision, the nature of which is in question, should be summoned and used as witnesses. So far as the record reveals, all of them might have been non-residents and the names of all of them might have been unknown both to the plaintiff and to the defendant. The rule works both ways. Clearly, it was the intention of the lawmakers to penalize either party by a presumption of fact against them for withholding evidence within their power to produce, and for relying on evidence of a weaker nature. On this point the defendant calls to our attention *Shiver & Barnett* v. *Firemans Ins. Co.*, 60 *Ga. App.* 57, 58 (2 S. E. 2d, 760). That case has no application here. In that case it developed that one of the parties had within his knowledge peculiar facts, and relied on weaker evidence.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

> *Judgment affirmed.* *MacIntyre, P. J., and Townsend, J., concur.*
> Decided December 5, 1949.

*Winfield P. Jones,* for plaintiff in error.

*Samuel D. Hewlett, Douglas, Evans & Cole, Charles S. Barton.* contra.