A94A0048. BURKE v. BI-LO, INC.
(441 SE2d 429)

BLACKBURN, Judge.

The appellant, Peggy Burke, commenced this action against Bi-Lo, Inc. to recover for personal injuries sustained as a result of a slip and fall in a grocery store. The trial court granted summary judgment

for Bi-Lo, and this appeal followed.

During the evening of July 14, 1990, Burke and several family members went to a Bi-Lo store to pick up a few groceries. As they began to shop, her daughter observed an oily substance spilled on the floor and reported it to the store manager. According to Burke and her daughter, the store manager immediately cleaned up the spill; while doing so, the manager told them that a few minutes earlier, he had chased away three boys for spilling cooking oil onto the floor, and that he had already cleaned up other spills.

Burke and her family continued shopping until, 15 to 20 minutes later at most, Burke slipped and fell on another pool of oil in another aisle. Immediately before the fall, Burke handed her infant grandchild back to her daughter; she fell as she was turning around and reaching for the shopping cart. The spill was almost three feet in diameter, and Burke acknowledged that if she had been looking straight down without the shopping cart in front of her, she would have seen it. The lighting in the store at the time was average.

In his deposition, the store manager testified that he had no recollection of the incident. He explained that the store's routine inspection procedure required management to check the floor throughout the day, every hour on the hour. However, there was no record of the floor inspections, and he had no knowledge of whether the floor had been inspected on the evening in question within an hour of Burke's fall.

An owner/occupier of premises has a duty to keep those premises safe for its invitees. OCGA § 51-3-1; *Thompson v. Regency Mall Assoc.*, 209 Ga. App. 1 (432 SE2d 230) (1993). "An invitee enters upon the premises under an implied representation, or assurance, that the land has been prepared and made ready and safe for his reception. The invitee is entitled to expect the possessor will exercise reasonable care to make the land safe for his entry. [Cit.] It is this implied representation that is made to the public, by holding the land open to them, that it has been prepared for their reception, that it is safe, that is the basis for the possessor's liability. [Cit.]" *Begin v. Ga. Championship Wrestling*, 172 Ga. App. 293, 294 (322 SE2d 737) (1984).

In order to recover for a slip and fall due to a foreign substance on the floor, the plaintiff must show that the defendant had actual or constructive knowledge of the hazard, and that the plaintiff was without equal knowledge of such. *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980). "[L]iability for injuries resulting from an invitee's slip and fall on a proprietor's premises is determined by the relative knowledge possessed by the proprietor and the invitee of the condition or hazard which resulted in the injury. The basis of the proprietor's liability is his superior knowledge. . . ." *Shansab v.*

*Homart Dev. Co.*, 205 Ga. App. 448, 450 (422 SE2d 305) (1992).

In the instant case, there was no evidence that either Burke or Bi-Lo had actual knowledge of the spill on which Burke slipped and fell. The dispositive issue thus is whether the parties had equal constructive knowledge of the hazard.

When Burke's family reported the first spill to the store manager soon after they began shopping, Burke was informed that some children had spilled a substance on the floor throughout the store earlier in the evening. However, that information did not heighten her duty beyond that of exercising ordinary care for her own safety. An invitee is not required to look for defects continuously and without interruption. See *Thompson v. Regency Mall Assoc.*, supra.

Conversely, when Burke's family reported the first spill, the store manager was thereby informed that any previous effort to clean up the floor, after chasing away the mischievous boys, had been inadequate. Upon such notification, reasonable care on the part of the store manager would have called for inspecting the premises once again for additional spills. However, the record is silent as to any such effort.

The store manager denied any memory of the incident, and, although he explained that normal store procedure called for inspection of the floors every hour on the hour, he had no knowledge or memory of whether the floor had been inspected prior to Burke's fall on the evening in question. The evidence thus failed to negate the possibility that Bi-Lo did not exercise reasonable care in this case, even if the store had a general inspection routine. See *Hilsman v. Kroger Co.*, 187 Ga. App. 570 (370 SE2d 755) (1988); *Flood v. Camp Oil Co.*, 201 Ga. App. 451 (411 SE2d 348) (1991). Further, in the absence of any evidence that Bi-Lo conducted a reasonable inspection of the premises prior to the fall, Burke was not required to establish how long the spill had remained on the floor. *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 169 (424 SE2d 845) (1992).

Under these circumstances, the store manager's constructive knowledge of the danger of additional spills on the floor must be deemed greater than any knowledge imputable to Burke. If the discovery of the first spill put Burke on notice of the possibility of other spills, the store manager's response to that discovery provided additional assurance that the store had already taken measures to eliminate the hazard.

Bi-Lo argues that it was entitled to summary judgment because the evidence demanded a finding that Burke failed to exercise ordinary care for her own safety by not seeing the spill, inasmuch as (1) the spill was almost three feet in diameter; (2) the store lighting was adequate; and (3) the store maintained no distraction that prevented her from noticing the spill. In so arguing, however, Bi-Lo does not address why the spill would not have been obvious to it in the exer-

cise of its duty to inspect and maintain safe premises, a duty of which Bi-Lo was reminded when Burke's family reported the first spill several minutes prior to Burke's fall. See *Thompson v. Regency Mall Assoc.*, supra. The evidence created a factual issue regarding Burke's exercise of ordinary care, but it did not demand a finding on the issue as a matter of law as urged by Bi-Lo.

In summary, in moving for summary judgment, Bi-Lo had the burden of showing that no genuine issue of fact existed as to its lack of superior knowledge of the foreign substance on the floor of its premises. *Hilsman v. Kroger Co.*, supra. In this regard, the evidence failed to eliminate a factual issue as to whether Bi-Lo exercised reasonable care in inspecting the property to make it safe for its invitees. Before Burke fell, the store manager became aware of the inadequacy of his previous efforts to clean up all of the substance spilled by some children earlier in the evening, thereby creating a duty to re-inspect the premises, and Bi-Lo was unable to show that such a re-inspection occurred. Further, the store manager's response to the discovery of the first spill reported by Burke's family provided some assurance that the floor was clean when the Burkes resumed their shopping. Under these circumstances, Burke cannot be said to have had equal or superior knowledge of the hazard as a matter of law, and the trial court erred in granting summary judgment for Bi-Lo.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 4, 1994 —
RECONSIDERATION DENIED FEBRUARY 17, 1994 —

*Reynolds & McArthur, Laura D. Hogue, Charles M. Cork III*, for appellant.

*Anderson, Walker & Reichert, Walter H. Bush, Jr., Michael A. Mills, John P. Cole*, for appellee.