## A96A0381. MOORE v. KROGER COMPANY.
(470 SE2d 529)

ANDREWS, Judge.

While shopping at a Kroger Company food store, James C. Moore stepped on a grape lying on the floor and slipped and fell. He sued

Kroger claiming the store negligently failed to keep the premises in a safe condition for invitees and that this negligence was the proximate cause of injuries he suffered in the fall. Moore appeals from the order of the trial court granting summary judgment in favor of Kroger.

"[I]n order to state a cause of action in a case where the plaintiff alleges that due to an act of negligence by the defendant he slipped and fell on a foreign substance on the defendant's floor, the plaintiff must show (1) that the defendant had actual or constructive knowledge of the foreign substance and (2) that the plaintiff was without knowledge of the substance or for some reason attributable to the defendant was prevented from discovering the foreign substance." *Alterman Foods v. Ligon,* 246 Ga. 620, 623 (272 SE2d 327) (1980). In other words, recovery is permitted only when the dangerous condition is known to the owner or occupant of the premises and not known to the person injured. Id. at 622. In considering whether or not Moore had knowledge of the foreign substance which caused him to slip and fall, *Alterman Foods* requires that he must "exercise ordinary care for his own safety, and must by the same degree of care avoid the effect of [Kroger's] negligence after it becomes apparent to him or in the exercise of ordinary care he should have learned of it. He must make use of all his senses in a reasonable measure amounting to ordinary care in discovering and avoiding those things that might cause hurt to him." (Citations and punctuation omitted.) *Alterman Foods,* supra at 623. Thus, under *Alterman Foods,* Moore cannot recover if he saw or in the exercise of ordinary care should have seen and avoided the grape on which he slipped and fell, unless Kroger somehow prevented him from discovering it.

Moore does not claim that anything distracted or diverted his attention or that Kroger did anything that prevented him from seeing the grape. Nevertheless, Moore testified on deposition that he did not see the grape on the floor before he stepped on it because he was looking straight ahead and not down at the floor. He deposed as follows:

"Q: Where were you looking at the time that you fell? A: Straight ahead. . . . Q: Did you ever look down at the floor before you encountered whatever [it was] that caused you to fall? A: No. Q: Is there any reason why you didn't look down at the floor before you fell? A: No. Q: Were you distracted by anything? A: No, I was just paying attention to what I was doing when I went in there. Q: Was your vision obstructed in any way? A: No. Q: Was anything preventing you from looking down? A: No."

There was evidence that the floor was a light cream color and the grape was green. Although Moore testified that he did not look down and see the grape, he testified that the grape was lying on the floor in a clear open area when he stepped on it. When asked if he could have

seen the grape if he had looked down at the floor, Moore responded: "I have no idea. I didn't look down." But Moore also testified that the grape would have been visible on the floor to a nearby cashier.

"Q: How far away from the grape on the floor was this cashier located? A: Roughly six to eight feet. Q: And you think that she could have seen it from six to eight feet away? A: Yes."

Moore's deposition testimony clearly indicates that the grape was in plain view on the floor and that it was visible to anyone who looked down at the floor. Although the duty to exercise ordinary care for one's own safety does not require continuous scanning of the floor for hazards under all circumstances, it does require the use of one's eyesight to discover and avoid plainly visible hazards on the floor in one's path. *Vermont American Corp. v. Day*, 217 Ga. App. 65, 66 (456 SE2d 618) (1995); *J. H. Harvey Co. v. Johnson*, 211 Ga. App. 809, 811 (440 SE2d 548) (1994); *Yeaple v. Grand Union Co.*, 207 Ga. App. 15, 16 (427 SE2d 13) (1992); *Sinclair v. Orozco*, 205 Ga. App. 498, 499 (423 SE2d 25) (1992). Where, as in the present case, it is clear that the plaintiff slipped and fell on a plainly visible hazard in his path that he could have seen and avoided if he had looked, recovery is barred under the plain view rule because the proximate cause of any resulting injury was the plaintiff's failure to exercise ordinary care for his own safety. *Vermont American Corp.*, supra at 66-67; *Edwards v. Wal-Mart Stores*, 215 Ga. App. 336, 338 (449 SE2d 613) (1994); *Bruno's, Inc. v. Pendley*, 215 Ga. App. 108 (449 SE2d 637) (1994); *Colevins v. Federated Dept. Stores*, 213 Ga. App. 49, 52 (443 SE2d 871) (1994); *J. H. Harvey Co. v. Kinchen*, 213 Ga. App. 868, 869 (446 SE2d 218) (1994); *Johnson*, supra at 811; *Winn Dixie Stores v. Carroll*, 212 Ga. App. 234 (441 SE2d 432) (1994); *Foodmax v. Terry*, 210 Ga. App. 511, 513 (436 SE2d 725) (1993); *Sinclair*, supra; *Riggs v. Great A. & P. Tea Co.*, 205 Ga. App. 608, 609 (423 SE2d 8) (1992).

Since the evidence clearly shows that the grape on which Moore slipped and fell was in plain view and visible to anyone who looked down at the floor, Moore is barred from recovery for failing to exercise ordinary care to discover and avoid the plainly visible hazard. The trial court correctly granted summary judgment in favor of Kroger.

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED APRIL 12, 1996.

*Belcher, Pakchar & Sams, Henry B. Sams*, for appellant.
*Webb, Carlock, Copeland, Semler & Stair, James R. Doyle II, Douglas A. Wilde*, for appellee.