A97A1643. WHISBY v. BRUNO'S FOOD STORES, INC.
(492 SE2d 338)

POPE, Presiding Judge.

In this slip and fall case, plaintiff Mattie Whisby appeals the trial court's grant of summary judgment for defendant grocery store. Because plaintiff cannot show that defendant had superior knowledge of the hazard which caused her fall, we affirm.

Viewed in a light favorable to plaintiff as the non-movant, the record shows that plaintiff slipped in a puddle of liquid which contained red, yellow, and green food particles. She fell in the bread aisle of defendant's store, where the floor was off-white. Plaintiff testified that she was not looking at the floor as she shopped; that she did not see the puddle until she fell; and that she is not sure whether she would have seen it if she had been looking. One of defendant's managers was in the bread aisle when plaintiff fell, facing the direction of the puddle, about fifteen to twenty feet away.

To recover, a plaintiff in a slip and fall case must show that the

defendant had actual or constructive knowledge of the hazardous condition causing the fall, and that the plaintiff did not. See, e.g., *Drake v. Kroger*, 213 Ga. App. 72 (1) (443 SE2d 698) (1994). In the absence of actual knowledge, a plaintiff can show constructive knowledge either by showing that the hazard had been there so long the defendant should have discovered it, or by showing that an employee of the defendant was in the immediate area of the hazard and could have easily seen it. Id. at 73-74.

In this case, there is no evidence of actual knowledge on the part of defendant; nor is there any evidence indicating how long the puddle was there. Thus, plaintiff must show that the department manager could and should have seen the puddle from his position 15 to 20 feet away. Yet at the same time, she must show that she was being careful and still failed to see the puddle as she approached and entered it. As this is a logical impossibility, the trial court did not err in granting summary judgment for defendant. Cf. *Moore v. Kroger Co.*, 221 Ga. App. 145, 147 (470 SE2d 529) (1996) (if a grape on the floor should have been visible to a store employee six to eight feet away, it should have been visible to the plaintiff). Neither plaintiff's shopping cart nor the bread on the shelf were distractions which could excuse plaintiff from the duty of looking where she was going. See *Moore v. Kroger Co.*, 221 Ga. App. 520, 522 (471 SE2d 916) (1996); *Minor v. Super Discount Markets*, 211 Ga. App. 123 (438 SE2d 384) (1993).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED SEPTEMBER 24, 1997.

*Adams & Jordan, Virgil L. Adams*, for appellant.
*Jones, Cork & Miller, Wendell K. Howell, Timothy Harden III*, for appellee.