## A97A1873. STRAUGHTER v. J. H. HARVEY COMPANY, INC.
### (500 SE2d 353)

BLACKBURN, Judge.

In this grocery store slip and fall case, Louvenia Straughter appeals the trial court's grant of summary judgment to defendant J. H. Harvey Company. Because there are genuine issues of material fact regarding defendant's liability, we reverse.

This Court reviews de novo the grant of a motion for summary judgment to determine whether the trial court properly found that no material issues of fact existed and that the movant was entitled to judgment as a matter of law. *Moore v. Food Assoc.*, 210 Ga. App. 780, 781 (437 SE2d 832) (1993). "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Moreover, we are reminded by the Supreme Court that "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and . . . summary judgment is granted only when the evidence is plain, palpable, and undisputed." *Robinson v. Kroger Co.*, 268 Ga. 735, 748-749 (493 SE2d 403) (1997).

1. "[I]n order to recover for injuries sustained in a slip-and-fall action, an invitee must prove (1) that the defendant had actual or constructive knowledge of the hazard; and (2) that the plaintiff lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of the owner/occupier. However, the plaintiff's evidentiary proof concerning the second prong is not shouldered until the defendant establishes negligence on the part of the plaintiff — i.e., that the plaintiff intentionally and unreasonably exposed self to a hazard of which the plaintiff knew or, in the exercise of ordinary care, should have known." Id., modifying *Alterman Foods v. Ligon*, 246 Ga. 620 (272 SE2d 327) (1980).

"[C]onstructive knowledge may be established by showing that an employee of the proprietor was in the immediate area of the hazardous condition and could have easily seen the substance or that a foreign substance remained on the floor for such a time that ordinary diligence by the proprietor should have effected its discovery." (Punctuation omitted.) *Brown v. Piggly Wiggly Southern*, 228 Ga. App. 629, 631 (3) (b) (493 SE2d 196) (1997).

In this case, Straughter testified that she walked into defendant's store, headed straight for the produce department, and fell as she approached the tomatoes. She testified that there was a store employee in the produce section who should have witnessed her fall.

She testified that this employee came to her right after the fall and picked up a green item on which she slipped. Viewed in the light most favorable to Straughter, this testimony supports an inference that the employee could easily have discovered the item had he looked. See *Brown v. Piggly Wiggly Southern*, supra. Accordingly, there is a jury question as to whether Harvey had constructive knowledge of the hazard.

Moreover, defendant has failed to submit an affidavit from this employee establishing that he could not have easily seen the item. OCGA § 24-4-22 provides that "[i]f a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well founded; but this presumption may be rebutted." Although defendant contends that there was no employee in the produce department at the time of the incident, the jury would be entitled to find otherwise. Under OCGA § 24-4-22, defendant's failure to produce testimony from this employee would allow the jury to conclude that the employee could easily have seen the item, and that defendant should thus be charged with constructive knowledge.

The dissent contends that, notwithstanding this testimony, defendant was entitled to summary judgment because Straughter could not establish exactly how long the item had been on the floor before her fall. However, we have previously held that, in order to withstand a motion for summary judgment, a plaintiff need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident. See *Fussell v. Jimbo's Log Kitchen*, 227 Ga. App. 161, 165-166 (489 SE2d 71) (1997) (whole court); *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884, 886-887 (476 SE2d 631) (1996); *Sheriff v. Hosp. Auth. of Houston County*, 221 Ga. App. 14, 15 (471 SE2d 3) (1996) (whole court); *Piggly Wiggly Southern v. Brown*, 219 Ga. App. 614, 616 (468 SE2d 387) (1995) (whole court); *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 225 (460 SE2d 838) (1995) (whole court); *Burke v. Bi-Lo*, 212 Ga. App. 115, 117 (441 SE2d 429) (1994); *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 169 (424 SE2d 845) (1992); *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (366 SE2d 785) (1988).

In this case, there is no admissible evidence in the record that defendant followed a reasonable inspection and sweeping policy on the date in question. Defendant submitted the affidavit of its produce manager, stating that the store had a policy of sweeping the entire floor every hour and the produce department floor every three hours. However, the affidavit does not state that such policy was in fact car-

ried out on the date in question. Although the affidavit attaches what it refers to as "sweep cards" for the grocery and produce departments, no attempt is made to authenticate these cards as business records or to explain the entries thereon. Accordingly, as there is no admissible evidence that defendant followed a reasonable inspection and cleaning procedure, defendant can be charged with constructive knowledge even if plaintiff cannot show how long the substance had been on the floor. See *Piggly Wiggly Southern v. Brown*, supra.

Moreover, defendant has not submitted affidavits from the employee or employees who actually carried out the purported inspections and sweeping on the date in question. Since defendant has failed to present evidence from these material witnesses within its control, OCGA § 24-4-22 allows an inference to be drawn that their testimony would show that they did have actual or constructive knowledge of the hazard but negligently failed to remove it.

Finally, the sweep cards relied upon by defendant, even if admissible, do not in fact establish that defendant followed reasonable inspection and cleaning policies on the date in question. First, the entries on the sweep cards are not readily decipherable to an untrained reader, and no explanation is given in the accompanying affidavit. For example, the grocery department sweep cards contain what appear to be time entries that do not correspond to actual times, e.g., "1570," "1374," "1690," "2065," and "2082." No explanation is given as to what these cryptic entries mean. Moreover, it is not readily apparent which of the entries on the sweep cards, if any, relate to the date in question. Furthermore, the cards do not appear to substantiate the claim in the accompanying affidavit that the store and the produce department are swept every hour and every three hours, respectively. Accordingly, even if the cards were admissible, they do not establish defendant's compliance with reasonable inspection and cleaning procedures.

With respect to the second prong of the *Robinson* test, the evidence shows that plaintiff slipped on a small green item which was smashed when picked up by a store employee at the spot of her fall. Plaintiff testified that she did not know if she would have been able to see the item had she looked down at the floor, since the floor in the produce department was gray with splotches of green or blue therein. Under *Robinson*, whether plaintiff exercised ordinary care for her own safety under these circumstances is a question for the jury. Accordingly, as factual issues remain as to Harvey's liability, the trial court erred in granting summary judgment to Harvey.

2. The dissent dismisses the Supreme Court's recent ruling in *Robinson*, stating that, although *Robinson* modified the second prong of the *Alterman Foods* analysis dealing with proof of the plaintiff's knowledge of the hazard, it left intact the first *Alterman Foods* prong

concerning the defendant's knowledge. It is indeed regrettable that the Supreme Court did not squarely address the first prong in *Robinson*, as the issue on appeal in that case involved the plaintiff's knowledge of the hazard. However, the clear thrust of the opinion was an exhortation to avoid creating impossible hurdles for slip and fall plaintiffs at the summary judgment stage. This was made clear in the Court's conclusion: "In sum, we remind members of the judiciary that the 'routine' issues of premises liability, i.e., *the negligence of the defendant* and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and that summary judgment is granted only when the evidence is plain, palpable, and undisputed." (Emphasis supplied.) Id. at 748.

However, rather than heed the Supreme Court's admonition to "lighten the load placed on plaintiffs by more recent judicial decisions," *Robinson*, supra at 748, the dissent proposes to *increase* the burden on plaintiffs by overruling a long line of cases standing for the proposition that a plaintiff, in order to withstand a motion for summary judgment, need not show how long a substance has been on the floor unless the defendant has established that reasonable inspection procedures were in place and followed at the time of the incident. See *Fussell*, supra; *Sheriff*, supra; *Newell*, supra; *Daniel*, supra; *Jackson*, supra; *Ramey*, supra; *Piggly Wiggly Southern v. Brown*, supra; *Burke*, supra. In essence, the dissent wishes to establish as an absolute rule that, even if a defendant admits it had no inspection and cleaning procedures in place, a plaintiff cannot prevail, indeed cannot get a trial, unless he can prove how long a particular substance has been on the floor.

Such a rule is clearly contrary to the Supreme Court's mandate in *Robinson*, as it would create a nearly impossible barrier to most plaintiffs in slip and fall cases. In most cases, a plaintiff will have no means of establishing exactly how long a substance has been on the floor, particularly if it is not a substance such as ice or ice cream that melts over time. Most of the relevant witnesses are either store employees, who are under the control of the defendant and thus have an incentive to deny knowledge, or other patrons who may have seen the substance on the floor but who are unknown to the plaintiff. Therefore, rather than "lighten the load" on plaintiffs, the dissent would merely shift the focus of slip and fall jurisprudence to the first prong of *Alterman Foods* and place yet another impossible hurdle in front of most plaintiffs. Such a proposal is contrary to *Robinson*, and we decline to adopt it.

*Judgment reversed. McMurray, P. J., Pope, P. J., Beasley, Johnson, Smith, Ruffin, JJ., and Senior Appellate Judge Harold R. Banke concur. Andrews, C. J., and Birdsong, P. J., dissent.*

ANDREWS, Chief Judge, dissenting.

Because there was no evidence to support Straughter's claim that J. H. Harvey Company, Inc. had actual or constructive knowledge of the hazard on which she slipped and fell, the trial court properly granted summary judgment in favor of Harvey.

In order to recover, Straughter had the burden of establishing (1) that Harvey had actual or constructive knowledge of the hazardous condition which caused the slip and fall, and (2) that she lacked knowledge of the hazard despite the exercise of ordinary care due to actions or conditions within the control of Harvey. *Alterman Foods v. Ligon*, 246 Ga. 620, 622-623 (272 SE2d 327) (1980), modified in part by *Robinson v. Kroger Co.*, 268 Ga. 735 (493 SE2d 403) (1997). Although *Robinson* modified the above stated second prong of the *Alterman Foods* analysis dealing with proof of the plaintiff's knowledge of the hazard, it left intact the first *Alterman Foods* prong concerning the defendant's knowledge. *Sharfuddin v. Drug Emporium*, 230 Ga. App. 679, 680-681 (498 SE2d 748) (1998). The issue in this case concerns application of the first prong of *Alterman Foods*.

There is no evidence that Harvey had actual knowledge of the hazard before Straughter stepped on it. In the absence of evidence that the defendant had actual knowledge of the hazard, a plaintiff can show that the defendant had constructive knowledge either by showing the hazard had been there so long that the defendant should have discovered it by reasonable inspection, or by showing that an employee of the defendant was in the immediate area of the hazard and could have easily seen and removed it. *Banks v. Colonial Stores*, 117 Ga. App. 581, 584-585 (161 SE2d 366) (1968); *Alterman Foods*, supra at 622-623. On the present record, there is no evidence showing any Harvey employee was in the area and could easily have seen and removed the hazard.

In her deposition, Straughter testified she slipped and fell at Harvey's "a little after 11[:00 a.m.]" on March 30, 1994. She walked into the store, headed straight for the produce department, and fell as she approached the tomatoes. Although she "look[ed] ahead" as she walked, she did not see anything on the floor, a failure she attributed to the color of the tile. After she fell, however, an employee picked up "something green" on which she apparently slipped. She did not know what the substance was or how long it had been on the floor before she fell. There was no evidence as to how the substance got on the floor. Straughter saw no one in the area before her fall. Although Straughter testified that after she fell, two store employees came over to her along with other people, she makes no claim nor is there any evidence that any store employee was in the immediate area of the hazard and could have easily seen and removed it. She testified that after she fell, "a guy in the produce area" ran to her side

and helped her and then "another produce man in Harvey's that worked there" arrived and found "a little something . . . something greenery" where she had slipped. When asked if any store employee saw her fall, she responded that "the guy that was in the produce section, he should have." Harvey's produce manager testified that at 11:30 a.m. he was standing in an adjacent back room of the produce department about 15 yards away from where Straughter fell and, through a window in a door, saw Straughter fall; however, he could not see the floor from his vantage point. The produce manager testified that when Straughter fell, there were no store employees in the produce department. This evidence provides no basis for the inference drawn by the majority that Harvey had constructive knowledge of the hazard because one of its employees was in the immediate area of the hazard and could have easily seen and removed it. The only evidence of how close a Harvey employee was to the hazard was the testimony of the Harvey produce manager that he saw Straughter fall while standing about 15 yards away in an adjacent room of the produce section in a position where he could not see the floor at the site of the fall. Assuming that Straughter saw another Harvey employee in the produce area before she fell and that this employee also saw her fall and ran to her side, there is no evidence as to how far away from the hazard this employee was located. There is simply no evidence that Harvey had constructive knowledge on the basis that any Harvey employee "was in the immediate area of the dangerous condition and could have easily seen the substance. . . ." *Banks*, supra at 585. Any inference that a Harvey employee was in this position is pure speculation.

Not only is there no evidence that a Harvey employee was in the immediate area of the hazard, but Straughter also testified that the foreign substance on which she slipped was so small and of such a color in comparison to the color of the floor that she did not know whether she could have seen it on the floor even if she had looked down before she slipped. If Straughter was unsure the substance would have been visible to her from a standing position immediately before she stepped on it, logic dictates that even if there had been a store employee somewhere in the immediate area, the employee could not have easily seen and removed a substance which Straughter could not see. *Whisby v. Bruno's Food Stores*, 228 Ga. App. 597, 598 (492 SE2d 338) (1997).

Construed in favor of Straughter, the evidence, at best, supports the mere possibility that a Harvey employee may have been in the immediate area of the hazard and speculation that any such employee could have easily seen and removed the hazard. An inference must be reasonable for it to give rise to a genuine issue of fact. *Lau's Corp. v. Haskins*, 261 Ga. 491, 495 (405 SE2d 474) (1991). A

reasonable inference sufficient to preclude summary judgment cannot be based on mere possibility, conjecture, or speculation. *Pafford v. Biomet*, 264 Ga. 540, 544 (448 SE2d 347) (1994); *Butler v. Huckabee*, 209 Ga. App. 761, 762 (434 SE2d 576) (1993).

The majority attempts to bolster its speculative inference by finding that OCGA § 24-4-22 creates a rebuttable presumption that a Harvey employee was in the immediate area and could have easily seen the hazard because Harvey failed to produce an affidavit from the employee stating to the contrary. OCGA § 24-4-22 provides that: "If a party has evidence in his power and within his reach by which he may repel a claim or charge against him but omits to produce it, or if he has more certain and satisfactory evidence in his power but relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim against him is well founded; but this presumption may be rebutted." ·

This Code section penalizes either party by an adverse presumption of fact for withholding evidence within their power to produce and for relying on evidence of a weaker nature. *Fields v. Yellow Cab Co. &c.*, 80 Ga. App. 569, 571 (56 SE2d 845) (1949); *Speagle v. Nationwide Mut. Fire Ins. Co.*, 138 Ga. App. 384, 387 (226 SE2d 459) (1976). The section has no application to Harvey in this case. First, there is no evidence that Harvey withheld evidence. Harvey produced an affidavit from the produce manager who saw Straughter fall, and the manager stated that he saw no Harvey employee in that area at the time. Although Straughter says there was another employee in the produce section who should have been able to see her fall, she did not give any indication as to the distance that employee was from her location when she fell. Harvey attempted to ascertain the identity of this employee during Straughter's deposition, but she was able to give only a general description. There is no evidence in the record that Harvey was able to identity the employee that Straughter saw. The record is devoid of any evidence that Harvey withheld evidence within its control. *Speagle*, supra at 387-388. Second, it is clear from the record in this case that Straughter, who claims she saw a Harvey employee in the produce section before she fell, had evidence within her control as to how far that employee was located from the hazard. Yet she gave no testimony and provided no affidavit establishing this fact in response to Harvey's motion for summary judgment. If any OCGA § 24-4-22 presumption applies in this case, it is a presumption against Straughter that no Harvey employee was in the immediate area of the hazard. In fact, the very assertion that a Harvey employee was in the immediate area and could have easily seen the hazard is totally of the majority's making, since Straughter made no such claim in the trial court or on appeal.

Accordingly, in order for Straughter to recover, she was required

to show that Harvey had constructive knowledge by producing evidence that the hazardous substance had been there long enough that a reasonable inspection would have discovered it. However, as Straughter concedes, she is unable to show this because there is no evidence of how long the substance had been on the floor before she slipped and fell.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . A defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support the nonmoving party's case." (Citations and emphasis omitted.) *Lau's Corp.*, supra at 491.

Accordingly, Harvey was entitled to summary judgment by "pointing out the absence of evidence in the record to support [Straughter's] claim that it had constructive knowledge." *Johnson v. Autozone*, 219 Ga. App. 390, 393 (465 SE2d 463) (1995). In other words, Harvey could "simply point out the absence of any evidence in the record showing that the foreign substance had been on the premises for a period of time sufficient to have been discovered by a reasonable inspection of the premises." Id. at 394; *Lau's Corp.*, supra. Because without such proof, "it would not be possible to determine whether [Harvey] had been afforded a reasonable time within which to inspect and remove the hazard." *Banks*, supra at 585.

Harvey had no burden at trial to produce evidence to demonstrate its lack of constructive knowledge of the hazard. Accordingly, under *Lau's Corp.*, Harvey had no burden on summary judgment to affirmatively produce evidence to disprove Straughter's claim that it had constructive knowledge of the hazard. After Harvey discharged its burden on summary judgment by pointing to the absence of evidence to support Straughter's claim, Straughter could not rest on her pleadings, but was required to produce evidence sufficient to create a genuine factual issue, i.e., a factual issue sufficient to allow a reasonable jury to reach a verdict in her favor at trial. Id. at 491. Straughter was unable to produce such evidence because there was no evidence showing that the substance had been on the floor long enough for a jury to conclude that Harvey would have discovered it during a reasonable inspection of the premises. It follows that, if the evidence

before the trial court on summary judgment would not be sufficient to withstand a motion by Harvey for a directed verdict at trial, then Harvey was entitled to summary judgment in order to avoid the expense of a trial. See id.; OCGA §§ 9-11-50 (a); 9-11-56 (c); *Porter v. Felker*, 261 Ga. 421 (405 SE2d 31) (1991); *Eiberger v. West*, 247 Ga. 767, 769 (281 SE2d 148) (1981) (summary judgment appropriate on evidence that would compel a directed verdict at trial); *NeSmith v. Ellerbee*, 203 Ga. App. 65, 68-69 (416 SE2d 364) (1992) (when a directed verdict at trial is inevitable, summary judgment is appropriate); *Sharfuddin*, supra at 684. For these reasons, the trial court correctly granted summary judgment in favor of Harvey.

The majority concludes that, even though there is no evidence as to how long the substance had been on the floor, summary judgment in favor of Harvey was inappropriate because Harvey failed to produce evidence that it adhered to a reasonable inspection policy on the day of the slip and fall. As authority for this position, the majority cites a line of cases decided by this Court which state that a slip and fall plaintiff responding to a summary judgment motion need not produce evidence of how long the substance has been on the floor until the defendant proprietor produces evidence that it adhered to reasonable inspection procedures. In support of this position, the majority cites: *Fussell v. Jimbo's Log Kitchen*, 227 Ga. App. 161, 165-166 (489 SE2d 71) (1997); *Newell v. Great A & P Tea Co.*, 222 Ga. App. 884, 886-887 (476 SE2d 631) (1996); *Sheriff v. Hosp. Auth. of Houston County*, 221 Ga. App. 14, 15 (471 SE2d 3) (1996); *Piggly Wiggly Southern v. Brown*, 219 Ga. App. 614, 616 (468 SE2d 387) (1995); *Daniel v. John Q. Carter Enterprises*, 218 Ga. App. 223, 225 (460 SE2d 838) (1995); *Burke v. Bi-Lo*, 212 Ga. App. 115, 117 (441 SE2d 429) (1994); *Jackson v. Wal-Mart Stores*, 206 Ga. App. 165, 169 (424 SE2d 845) (1992); and *Winn-Dixie of Greenville v. Ramey*, 186 Ga. App. 257, 259 (366 SE2d 785) (1988).

What the majority fails to acknowledge or address is that the above cited cases are contradicted by a competing line of cases decided by this Court as shown by our whole court decisions in *Sharfuddin*, supra; *Hartley v. Macon Bacon Tune*, 227 Ga. App. 679, 684-685 (490 SE2d 403) (1997); *Blake v. Kroger Co.*, 224 Ga. App. 140, 142-150 (480 SE2d 199) (1996); and *Johnson*, supra at 393. In direct contradiction of the authority relied upon by the majority, these cases hold that, based on the Supreme Court decision in *Lau's Corp.*, supra, a defendant proprietor moving for summary judgment has no burden to produce evidence of inspection procedures and can rely on the absence of evidence as to how long the hazard was on the floor to obtain summary judgment. The majority does not overrule these cases but simply ignores them.

The latter line of cases is the better reasoned authority because

these cases are based on the Supreme Court's decision in *Lau's Corp.*, supra. On the other hand, the cases relied upon by the majority derive their authority from pre-*Lau's Corp.* summary judgment procedure. Accordingly, the above cited cases relied upon by the majority should be overruled to the extent they are contrary to the decision in *Lau's Corp.*

Under *Lau's Corp.*, supra, and *Robinson*, supra, a defendant proprietor moving for summary judgment has no burden to produce evidence to negate the plaintiff's theory that the proprietor had actual or constructive knowledge of the hazard. The line of cases relied upon by the majority directly contradicts this firmly established principle. For example, *Fussell*, supra, the most recent case relied upon by the majority, places a burden upon the defendant to produce evidence of compliance with inspection procedures before the defendant can point to the absence of any evidence showing how long the substance had been on the floor. The only authority cited by *Fussell* for requiring the defendant to first produce evidence of compliance with reasonable inspection procedures is *Daniel*, supra (another case relied upon by the majority). *Daniel* dealt with whether constructive knowledge could be imputed to a defendant on the theory that, had the proprietor conducted a reasonable inspection of the premises, it would have discovered the hazard prior to the slip and fall. *Daniel* cited *Ramey*, supra (a pre-*Lau's Corp.* case relied upon by the majority) as support for the following statements: "In seeking summary judgment, the defendant [proprietor] has the initial burden of showing that this theory of recovery is not viable by demonstrating that it exercised reasonable care in inspecting the premises. *Ramey*, supra at 259. This burden may be carried by evidence of compliance with reasonable inspection procedures. [Cit.] . . . Once a defendant [proprietor] demonstrates a lack of actionable constructive knowledge by compliance with reasonable inspection procedures, the burden shifts back to the plaintiff to show how long the foreign substance had been allowed to remain on the floor. *Ramey*, supra at 259. . . . Of course, 'in the absence of evidence that (the defendant) conducted a reasonable inspection of the premises that would have discovered the foreign substance that caused the slickness on the floor, (the plaintiff would not be) required to present evidence establishing the length of time that the substance had been allowed to remain on the floor.' (Cits.) *Jackson*[, supra]." *Daniel*, supra at 224-225. The quoted statement from *Jackson*, cited by *Daniel*, also relied on *Ramey* as authority.

None of the authority cited by *Daniel* for the above quoted burden-shifting rule has any continuing viability after the decision in *Lau's Corp.*, which specifically "overrule[d] anything to the contrary." Id. at 495. "*Ramey*, supra, which was decided in 1988 prior to the Supreme Court's decision in *Lau's Corp.*, supra, found that, because

the proprietor failed to produce any evidence that it conducted a reasonable inspection of the premises, the proprietor failed to carry its initial evidentiary burden as the movant for summary judgment to show that the plaintiff's theory of recovery was not viable. *Ramey*, supra at 258-259; see also *Food Giant v. Cooke*, 186 Ga. App. 253, 254-256 (366 SE2d 781) (1988) (decided the same day as *Ramey* and addressed the same constructive knowledge issue on summary judgment). Both *Ramey* and *Cooke* held that, since the proprietors did not meet their initial evidentiary burden on summary judgment, the burden did not shift to the plaintiff in response to summary judgment to produce evidence of how long the hazard had been on the floor. Accordingly, both *Ramey* and *Cooke* were based on the conclusion that summary judgment could not be granted to the proprietor because the '(proprietor's) evidence did not negate the possibility that, under the existing circumstances, its failure to have discovered the presence of the (hazard on the floor) was the result of its failure to exercise reasonable care in inspecting its premises. See *Winn-Dixie of Greenville v. Ramey*, supra.' [*Cooke*], supra at 256." *Blake*, supra at 149 (Andrews, J., concurring specially).

As demonstrated above, the line of authority relied upon by the majority perpetuates the above stated burden-shifting rule after *Lau's Corp.* eliminated it. After *Lau's Corp.*, this burden-shifting rule is no longer a means to deny summary judgment to a defendant proprietor where the proprietor does not produce evidence of compliance with reasonable inspection procedures, but there is no evidence of how long the hazard had existed on the premises prior to the slip and fall. Under *Lau's Corp.*, "[a] defendant [moving for summary judgment] who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case; instead, the burden on the moving party may be discharged by pointing out by reference to the affidavits, depositions and other documents in the record that there is an absence of evidence to support [at least one essential element of] the nonmoving party's case." Id. at 491, 495. Thus, a defendant proprietor moving for summary judgment on the basis that it lacked constructive knowledge of the hazard is not required to produce evidence that it conducted a reasonable inspection of the premises in order to shift the burden to the plaintiff to show how long the hazard had existed on the premises. This Court should apply its whole court decisions in *Sharfuddin*, supra; *Hartley*, supra; *Blake*, supra; and *Johnson*, supra, which reaffirm this principle, and overrule the cases relied upon by the majority which hold to the contrary.

Even if the evidence of sweeping and inspection produced by Harvey was not sufficient to show as a matter of law that it exercised reasonable care in inspecting and keeping the premises safe, Harvey was still entitled to summary judgment in this case because there

was no evidence of how long the hazard had been on the floor. Without any evidence of how long the substance had been on the floor before Straughter slipped on it and fell, a trier of fact would be left to speculate as to whether the hazard had been on the floor for a couple of minutes or for hours prior to the slip and fall. Accordingly, it is impossible to conclude, without speculating, that Harvey would have discovered the hazard prior to the slip and fall by adherence to a reasonable inspection policy. *Johnson*, supra at 394; *Blake*, supra.

Accordingly, the majority decision, which prevents Harvey from asserting the defense that there is no evidence of how long the hazard was on the floor without first producing evidence of adherence to inspection procedures, has the effect of denying Harvey its right to assert a proximate cause defense on summary judgment. Even if the evidence showed that Harvey made no inspection, and thus failed in its duty to reasonably inspect to keep the premises safe, this is not a basis upon which a jury could award damages to Straughter because Straughter must also show that Harvey's failure was the proximate cause of her injury. Harvey's proximate cause defense is that, even assuming it failed to inspect the premises, if there is no evidence of how long the hazard was on the floor, a jury could not conclude, without speculating, that it had been there long enough to have been discovered by a reasonable inspection. For example, the hazard could have been on the floor for just a couple of minutes prior to Straughter's fall and therefore would have been undiscoverable by a reasonable inspection. It follows that, without evidence of how long the hazard had been there, there is no reasonable basis for a jury to conclude that Harvey's failure to inspect was the proximate cause of the injury.

The majority opinion denies slip and fall defendants the same ability to assert proximate cause defenses on summary judgment that is available to all other tort defendants. In doing so, the majority ignores the clear rules applicable to summary judgment established by the Supreme Court in *Lau's Corp.*, supra, and the decisions of this Court following those rules. Contrary to the majority's proclamation, nothing in the Supreme Court's effort in *Robinson*, supra, to "lighten the load" on slip and fall plaintiffs under the second prong of *Alterman Foods*, supra, supports this decision.

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED MARCH 20, 1998 —
RECONSIDERATION DENIED APRIL 3, 1998 —

*Kunes & Kunes, G. Gerald Kunes*, for appellant.

*Clyatt, Clyatt, Wallace & DeVaughn, Robert M. Clyatt, Joni B. Parker*, for appellee.